UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 04-29-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTTY REECE RIDNER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the United States' oral motion to sever. At the conclusion of the competency hearing held on January 13, 2005, the United States moved to sever Defendant Scotty Ridner from co-Defendants Ella Mae Goodin and Freddy Ridner and to proceed to trial on the counts against Defendant Scotty Ridner. In support of the motion, the United States stated that Defendant Scotty Ridner has demanded a Speedy trial and indicated that the issues related to the charges against him differ from those as to his co-Defendants. Counsel for Defendant Scotty Ridner was given one week to file a written response. No response having been filed, and the Court being sufficiently advised, the United States' motion will be granted.

Rule 14 of the Federal Rules of Criminal Procedure provides, in relevant part, that:

If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.[1] The trial court has substantial discretion in determining whether to grant a severance. *Zafiro v. U.S.*, 506 U.S. 534 (1993). And in making this determination, the Court must balance the potential for prejudice against the Defendants and the legitimate interest in efficient and expeditious proceedings. *United States v. Long*, 905 F.2d 1572 (D.C. Cir. 1990), *cert. denied* 498 U.S. 948 (1990). Delay is a factor that may be taken into account in determining whether severance is appropriate. *United States v. Magnotti*, 51 F.R.D. 1, 2 (D. Conn. 1970).

In this case, the trial against these Defendant jointly would not proceed for *at least* four months inasmuch as Freddy Ridner has been sent for further evaluation to determine whether he will become competent to proceed to trial in the near future. The United States has indicated that, in some respects, the issues related to Defendant Scotty Ridner differ from those related to the remaining Defendants. In addition, the Court notes that Scotty Ridner has demanded a speedy trial, while Ella Mae Goodin has waived any delay under the Speedy Trial Act. Therefore, in the interest of justice, the Court finds that severance is appropriate and will grant the United States' motion.

Accordingly, it is hereby

**ORDERED** that the United States' Motion to Sever is **GRANTED**. Dates for a final pretrial conference and trial will be set by separate Order.

This 26th day of January, 2006.

---

[1] A request for severance under Rule 14 assumes that the initial joinder was proper but challenges trial of the defendants in one action as unduly prejudicial. In contrast, a Rule 8 (a) claim questions the propriety of joining two or more claims in a single indictment in the first instance. *Unites States v. Morales*, 868 F.2d 1562 (11th Cir. 1989).



Signed By:
*Danny C. Reeves* DCR
United States District Judge