UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>   Plaintiff, )<br> )<br>V. )<br> )<br>SCOTTY RIDNER, )<br> )<br>   Defendant. ) | Criminal Action No. 6: 04-29-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the United States' motion in limine. [Record No. 118] Through this motion, the United States has requested a pretrial ruling on whether the Defendant may introduce testimony or evidence at trial regarding the defense of necessity or justification. A hearing was held on the instant motion on March 1, 2006, in London, Kentucky. At that time, the Court heard testimony from Scotty Ridner. Having considered the testimony presented at the hearing, the briefs submitted by the parties, and arguments of counsel, the Court will grant the United States' motion. Accordingly, the Defendant will be precluded from introducing testimony or evidence regarding the defense of necessity.

**LEGAL ANALYSIS**

A defendant charged with possession of a firearm as a felon may assert the defense of necessity. *United States v. Singleton*, 902 F.2d 471 (6th Cir. 1990). However, according to the Sixth Circuit, the defense is appropriate only in "rare situations[,] . . . should be construed very

-1-

narrowly[,] . . . [and must not go to the jury] if the evidence could not support a verdict based on it." *Id*. at 472-73 (citing *United States v. Bailey*, 444 U.S. 394, 398-99 (1980)). In *Singleton*, the Sixth Circuit adopted a five-factor test for ascertaining whether a jury instruction presenting a defense of this nature is proper. Under that test, the defendant must produce evidence upon which a reasonable jury could conclude by a preponderance of the evidence that each of the following exist:

> (1) that he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;
>
> (2) that he had not "recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;
>
> (3) that he had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;
>
> (4) that a direct causal relationship may be reasonably anticipated between the criminal action take and the avoidance of the threatened harm; and
>
> (5) that he did not maintain the illegal conduct any longer than absolutely necessary.

*Singleton*, 902 F.2d at 472-73. The keystone of the analysis is that the defendant must have no alternative – either before or during the event – to avoid violating the law. *United States v. Hopkins*, 151 Fed. Appx. 448 (6th Cir. Oct. 19, 2005).

Although *Singleton* phrases the first criterion in terms of harm to the defendant himself, the Sixth Circuit has held that a defendant's desire to avoid harm to a third person is also sufficient for assertion of the necessity defense. *See United States v. Newcomb*, 6 F.3d 1129 (6th Cir. 1993). At the evidentiary hearing, Scotty Ridner testified that he took possession of three

12 gauge shotgun shells to prevent his brother, Freddy Ridner, from committing suicide. He testified that, in 1992, he witnessed the suicide of one of his brothers and that he feared that Freddy, who had previously shot himself in an apparent suicide attempt, would again attempt suicide. The Defendant testified that on July 29, 2003, he was at his brother Freddy Ridner's house and that Freddy was discussing ending his life. Specifically, he testified that Freddy said that "he would be better of dead than how he was now" with others managing his money and other affairs. The Defendant further indicated that, while discussing ending his life, Freddy was carrying around shotgun shells. According to the Defendant, he picked up the shells and put them in his pocket after Freddy dropped them. He claims that "almost immediately" the police arrived on the scene and that he immediately fled with the ammunition in his pocket. [Record No. 121, p. 1] The Defendant was later apprehended and, before Miranda warnings were given, Ridner stated that he had the ammunition because he had been hunting earlier in the day. While this statement previously determined to be inadmissible, the United States has indicated that it will be offered for impeachment purposes if the Defendant testifies at trial.

Under the first element of the *Singleton* test, a defendant must be under an "unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury." *Singleton*, 902 F.2d at 472. In other words, Scotty Ridner must be able to demonstrate that his brother was an immediate danger to himself, not just that his brother had talked about committing suicide at some point in the future. *See United States v. Hargrove*, 416 F.3d 486 (6th Cir. 2005); *see also United States v. Maxwell*, 254 F.3d 21, 27 (1st Cir. 2001) (the record must contain evidence of "a real emergency, a crisis

involving immediate danger to oneself or to a third party"). During the hearing, Scotty Ridner testified that he was unaware that there were any guns in Freddy's house. However, he stated that believed Freddy had a gun at a nearby pawn shop. In addition, he testified that, other than the shells he took from Freddy, he was not aware of any other ammunition in the house. According to the Defendant, he was fearful that his brother would take the shells, retrieve the gun from the pawn shop, and then commit suicide. He indicated that he took possession of the ammunition because he desired to prevent his brother's death. However, he also stated that he did not believe that a gun was located on the premises. Thus, based on this testimony, the Court finds that a reasonable jury could not conclude that Scotty Ridner had a well-grounded fear of death or serious bodily injury. Under these circumstances, the court finds that a reasonable person could not find that the threat to Freddy's life was imminent.

The Defendant has also failed to present evidence to satisfy the fifth factor[1] of the *Singleton* test, *i.e.*, that he did not maintain possession of the shells any longer than absolutely necessary. When the police arrived at the house, the Defendant fled with the ammunition in his pocket. The police then chased him for a quarter of a mile before arresting him. The Defendant testified that he possessed the ammunition for only a few minutes before the arrival of the police. However, he further indicated that, when the police arrived, Freddy's spirits had improved and that he believed his brother was no longer contemplating suicide. Thus, when the police arrived

---

[1] It also appears that Scotty cannot satisfy the third *Singleton* requirement, *i.e.*, that he had no reasonable, legal alternative but to possess the ammunition. *Singleton*, 902 F.2d at 472. The Sixth Circuit has held that "[t]he defense of necessity is not applicable when one has a choice of several courses of action, unless the defendant shows he pursued alternatives or that such alternatives were foreclosed." *United States v. Milligan*, 17 F.3d 177, 181 (6th Cir. 1994) (citations omitted). Scotty has not offered any explanation to demonstrate that retrieving *and* maintaining the ammunition was his only reasonable choice.

at the residence, the Defendant, aware that the threat of harm had subsided, could have turned over the ammunition to the police and explained his reasons for being in possession of the ammunition. *See United States v. Stover*, 822 F.2d 48 (8th Cir. 1987) (no justification defense if the defendant maintains possession of the firearm after the danger subsides); *see also United States v. Bailey*, 444 U.S. 394, 399 (1980) (prison escapee asserting justification defense must show that he attempted to surrender as soon as safety allowed). Because the Defendant failed to surrender the ammunition to the police upon their arrival, the Court finds that a reasonable jury could not conclude that he did not possess the ammunition any longer than absolutely necessary.

For the reasons discussed above, the Court finds that the Defendant has failed to present sufficient evidence to allow a reasonable jury to conclude that he possessed the ammunition out of necessity. Thus, the Court finds that the Defendant is not entitled to a jury instruction on this issue. In addition, the Court will grant the United States' motion in limine to preclude Defendant Scotty Ridner from introducing testimony or evidence regarding the defense of necessity as this issue would be irrelevant, unduly confusing and prejudicial. According, it is hereby

**ORDERED** that the United States' Motion in Limine [Record No. 118] is **GRANTED**.

This 1st day of March, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge