UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 04-29-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| SCOTTY R. RIDNER, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is currently pending for consideration of the *pro se* Plaintiff Scotty R. Ridner's ("Ridner") motion for relief from judgment pursuant to Rule 60(b). [Record No. 160] Ridner is currently incarcerated in a corrections facility located in Manchester, Kentucky. He requests relief from a December 22, 2008, Order of the Magistrate Judge denying his motion for free transcripts. [Record No. 159] The Court will deny this motion for the reasons outlined below.

**I.     BACKGROUND**

On June 12, 2006, Ridner pleaded guilty to one count of felon in possession of ammunition, in violation of Title 18 of the United States Code, Section 922(g)(1). He was sentenced to 200 months' imprisonment. The Sixth Circuit denied Ridner's direct appeal and affirmed his sentence. [Record No. 152] Ridner then filed three separate motions in this Court: a motion for leave to proceed *in forma pauperis*, a motion to vacate under 28 U.S.C. 2255, and a motion for free transcripts. [Record Nos. 155, 156, 157] On December 22, 2008, the

-1-

Magistrate Judge denied both the motion for leave to proceed *in forma pauperis* and the motion for free transcripts.

Citing 28 U.S.C. § 1915(a)(2), the Magistrate Judge denied Ridner *in forma pauperis* status based on his failure to file a certified copy of his institutional trust fund account statement. Without *in forma pauperis* status, Ridner was unable to satisfy the three conditions necessary for obtaining a free transcript under 28 U.S.C. § 753(f): (1) Court permission to proceed *in forma pauperis*; (2) Court certification that the suit is not frivolous in nature; and (3) Court certification that the requested transcript is necessary to decide the issue presented by the suit. With respect to this last condition, Ridner failed to provide support for the contention that the transcript was necessary for determination of the issues asserted in his § 2255 petition. In fact, in his § 2255 petition, Ridner stated that he was requesting the transcript for the purpose of formulating a third ground for relief. [Record No. 156] A plaintiff "does not have a right to a transcript at government expense under 28 U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a motion to vacate his sentence under 28 U.S.C. § 2255." *United States v. Alcorn*, 10 Fed. App'x 248, 248 (6th Cir. 2001) (unpublished). As a result, the Magistrate Judge was unable to grant his motion for free transcripts.

Ridner now files this motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, requesting relief from the Magistrate Judge's decision.

**II.    DISCUSSION**

To obtain relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure, a movant must demonstrate that an order (or judgment) was entered as a result of:

mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or fraud, misrepresentation, or other misconduct of the adverse party. *See also Johnson v. Unknown Dellatifa*, 357 F .3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

Ridner has submitted a statement of his institutional trust fund account along with the present motion. Because of his failure to submit this statement in his earlier motion, the Magistrate Judge was unable to grant him pauper status.[1] At no previous time had Ridner been notified of the deficiency in his *in forma pauperis* motion. Accordingly, the Court will treat the Magistrate Judge's denial of pauper status as a notification of the deficiency in Ridner's required documentation. "If the prisoner does not pay the full filing fee and fails to provide the required documentation to apply to proceed *in forma pauperis*, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee." *Erby v. Kula*, 113 Fed. App'x 74, 75-76 (6th Cir. 2004) (internal citation omitted) (unpublished).

---

1. It appears that Ridner misconstrued the Magistrate Judge's determination of his pauper status. He states that, in his December 22, 2008 Order, the Magistrate Judge "granted Movant leave to proceed in forma pauperis." [Record No. 160] That assertion is incorrect. There appears to have been a typographical error in the first paragraph of page 2 of the December 22, 2008 Order [Record No. 159]. This error reads as follows: "Therefore, the Court grant in forma pauperis status at this time." In fact, this sentence, in conjunction with the remainder of the opinion, is a denial of Ridner's motion to proceed *in forma pauperis*.

In the December 22, 2008 Order, the Magistrate Judge noted that Ridner had not submitted an institutional trust fund account statement; on January 14, 2009, Ridner filed this motion with the required statement. His submission was well within 30 days of the Order's issuance. Having reviewed the statement, the Court will treat his filing as a correction of the deficiency and grant Ridner permission to proceed *in forma pauperis*.[2]

However, the Court will not upend the earlier decision regarding Ridner's motion for free transcripts. Although Ridner now argues that the transcripts are necessary to assert the first two grounds of relief contained in his § 2255 petition, his grounds are merely conclusory allegations regarding ineffective assistance of counsel. Ridner also argues that the transcripts will help him establish an ineffective assistance of counsel claim based on his attorney's failure to renew a Speedy Trial Act violation motion. The transcript is not dispositive in establishing such a claim. *See United States v. Fleming*, No. 98-5246, 1999 WL 107956 at *1 (6th Cir. 1999) (unpublished) ("[C]onclusory allegations of ineffective assistance of counsel ordinarily will not support a § 753(f) motion for a free transcript.").

In summary, Ridner has not provided any evidence that the earlier determination regarding free transcripts was tainted by fraud or mistake. Nor has Ridner offered new evidence that was previously undiscovered. Because he has not met Rule 60's stringent requirements, the Court will not grant his motion for relief regarding free transcripts. Accordingly, it is hereby

**ORDERED** as follows:

---

2. The Court's authority to do so is premised on Rule 60(a) of the Federal Rules of Civil Procedure: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

1.	Defendant's motion for relief from judgment pursuant to Rule 60(b) [Record No. 160] is **DENIED**;

2.	The December 22, 2008 Order [Record No. 159] is **AMENDED** to the extent that the Defendant's motion to proceed *in forma pauperis* [Record No. 155] is **GRANTED**.

This 15th day of January, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge